**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

DAVID LEE BOWERS,                                    :

      Petitioner,                                 :

                                     Case No.  3:04CV071

vs.                                                  :

                                     District Judge Walter Herbert Rice

ANTHONY J. BRIGANO,                                  :    Magistrate Judge Sharon L. Ovington
Warden, Lebanon Correctional
Institution,                                         :

      Respondent.                                 :

---

## REPORT AND RECOMMENDATION[1]

---

## I.       INTRODUCTION

      David Lee Bowers, an inmate at the Lebanon Correctional Institution, brings this case

through counsel seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  The case is

before the Court upon Bowers' Petition and Amended Petition (Doc. #s 1, 9), Respondent's

Motion to Dismiss (Doc. #11), Bowers' Memorandum in Opposition (Doc. #13), Respondent's

Reply (Doc. #14), and the record as a whole.

## II.      BACKGROUND

      In May 1997 a jury in the Greene County, Ohio Court of Common Pleas found Bowers

guilty of two counts of forcible rape of a person under age thirteen, two counts of rape of a

person under age thirteen, and two counts of sexual battery of a step-child.  The trial court

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

further found Bowers to be a sexual predator.  The trial judge sentenced Bowers to two

consecutive terms of life imprisonment on the first two rape convictions, two concurrent terms of

imprisonment lasting ten to twenty-five years on the second two rape convictions, and two

concurrent terms of imprisonment lasting two years on the sexual battery convictions.  (Doc.

#11, Exhibits 1-3).

      Bowers, through counsel, pursued an unsuccessful direct appeal in the Ohio Court of

Appeals.  The Ohio Court of Appeals rejected Bowers' Assignments of Error on <u>April 17, 1998</u>.

(Doc. #11, Exh. 4).  As will be discussed below, this date is critical to the resolution of the

present case because more than five years past before Bowers took further action in the Ohio

Courts.  This occurred in September 2004 when Bowers, through counsel, filed a Motion for

Delayed Appeal in the Ohio Supreme Court.  On November 10, 2004, the Ohio Supreme Court

denied Bowers' Motion without explanation.  (Doc. #11, Exh. 7).

      Bowers filed the present Petition for Writ of Habeas Corpus on March 3, 2004.  His

Amended Petition raises a claim of ineffective assistance of trial counsel based on numerous

ways in which his counsel's performance was deficient.  *See* Doc. #9 at 3-4.

## III.    ANALYSIS

      Respondent contends that Bowers' Petition is barred by the applicable one-year statute of

limitations because his convictions became final on June 2, 1998, forty-five days after he failed

to file a timely direct appeal in the Ohio Supreme Court.  Respondent calculates that Bowers had

until June 2, 1999 to file the instant Petition.  Consequently, according to Respondent, Bowers'

Petition is time barred because he did not file it until March 2004.  This contention is well taken.

      The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") requires a

state prisoner seeking to bring a habeas corpus action to file his or her Petition within one year

from the conclusion of his or her state appeal. 28 U.S.C. §2244(d)(1). This one-year period

begins to run from the latest of the following:

> (A)   the date on which the judgment became final by the conclusion of direct review or
> the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action
> in  violation of the Constitution ... is removed;

> (C)   the date on which the constitutional right asserted was initially recognized by the
> Supreme Court and made retroactively applicable...;

> (D)   the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

The AEDPA permits tolling of its one-year statute of limitations as follows:

> The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under this
> subsection.

28 U.S.C. §2244(d)(2).

Bowers' direct appeal in the Ohio Court of Appeals concluded on April 17, 1998 when

the Ohio Court of Appeals issued its decision rejecting Bowers' Assignments of Error. *See* Doc.

#11, Exh. 4. Under the Ohio Supreme Court Rules of Practice, Bowers had 45 days to file an

appeal in the Ohio Supreme Court. *See* Ohio S.Ct. R. Pract., Rule II, §2(A). Bowers thus had

until June 1, 1998, to file a Notice of Appeal in the Ohio Supreme Court. He did not do so.

Consequently, the AEDPA's statute of limitations began to run on June 2, 1998.

One year later, on June 2, 1999, the AEDPA's limitation period expired. Bowers did not

file the present case until March 2004. Unless some intervening state court proceeding tolled the

AEDPA's statute of limitations from running, Bowers' present habeas corpus Petition is time barred.  The only potential intervening state court proceeding was Bowers' Motion for Delayed Appeal, which he filed in the Ohio Supreme Court in September 2004.  This Motion, however, does not assist Bowers in establishing that the AEDPA's limitation period was tolled because the limitations period had already expired when, on September 29, 2004, Bowers filed his Motion for Delayed Appeal.  *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)(AEDPA's statute of limitations not "retriggered" by denial of a Motion for Delayed Appeal).

Bowers contends that the date his conviction became final was November 10, 2004 when the Ohio Supreme Court dismissed his delayed direct appeal.  Bowers therefore calculates that he had until November 10, 2005 to file his Petition for a Writ of Habeas Corpus and his act of filing his Amended Petition in March of 2005 was well before this deadline.  (Doc. #13 at 1-2). Bowers' contentions lack merit again because the statute of limitation began to run on June 2, 1998 when forty-five days after the Ohio Court of Appeals rejected Bowers' Assignments of Error.  It was on this date that his conviction became final.  *See Searcy*, 246 F.3d at 519-20. Bowers contends, "It is the position of Petitioner that although the appeal to the Ohio Supreme Court was delayed, it was still part of the direct review process...."  (Doc. #13 at 2).  However, the United States Court of Appeals for the Sixth Circuit has rejected the argument that the AEDPA's one-year limit begins anew with the filing of a delayed appeal where the one year time period has already run. *See Searcy*, 246 F.3d at 518-20; *Fuller v. Thomas*, 110 Fed. Appx. 496, 2004 U.S. App. LEXIS 18189 (6th Cir. 2004).

In addition, equitable tolling does not rescue Bowers' Petition from its time problems

because a review of the record reveals no indication that Bowers lacked either actual or constructive knowledge of the AEDPA's limitation period, or that he has been diligent in pursuing his habeas claims.  In these circumstances, equitable tolling does not assist Bowers in avoiding the AEDPA's one-year statute of limitations.  *See Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003).

Accordingly, the AEDPA's one-year statute of limitations bars Bowers' Petition and Amended Petition.  In the instant case, the conclusion that Bowers' claims are barred by the applicable statute of limitations is not debatable among jurists of reason.  Consequently, a certificate of appealability should not issue.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Respondent's Motion to Dismiss (Doc. # 11) be GRANTED;

2.  David Lee Bowers' Petition and Amended Petition for a Writ of Habeas Corpus (Doc. #s 1, 9) be DENIED and DISMISSED;

3.  A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

4.  The case be terminated on the docket of this Court.


August 11, 2005


  s/ Sharon L. Ovington  
Sharon L. Ovington  
United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

6